

**SO ORDERED.**
**SIGNED this 20th day of October, 2014**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

IN RE:                                                                          CASE NO. 14-13504
JOSEPH C CAWOOD
      Debtor(s)                                                          CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

      The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

###

Approved for Entry By:
/s/ C. Kenneth Still_____
C. Kenneth Still, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

1

UNITED STATES BANKRUPTCY COURT

Eastern District of Tennessee

Southern Division

IN RE:   Joseph C. Cawood

Case No.    14-13504

Judge       Cook/Rucker

Chapter 13

CHAPTER 13 PLAN

**ORIGINAL**

*Dated:*   September 09, 2014

**1. Payments and Term.**

The Debtor will pay the Chapter 13 Trustee       **$100.00**       **Monthly**       for **60** months by                Direct Pay
and the following additional monies:

**2. Priority Claims (including administrative expenses).**

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of       **$1,500.00**   , less   **$0.00**    previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

**3. Secured Claims.**

(a)  Cramdowns. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|

(b)  Surrender. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|

(c)  *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

| *Creditor* | *Estimated Arrearage* | *Arrearage Interest Rate* | *Arrearage Monthly Payment* | *Maintenance Payment* | *Payment By: (Trustee or Debtor)* |
|---|---|---|---|---|---|

## CHAPTER 13 PLAN (Continued)

### ORIGINAL

*Dated:*   September 09, 2014

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:       **100%**

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid in full.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| *Property Description* | *Contract Number* | *Other Party to Contract* |
|---|---|---|

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

| | |
|---|---|
| **Federal National Mortgage Association (Home and lot)** | **Mortgage on Residence. Amount of claim and payments to be determined in adversary proceeding to be filed in this Court or prior bankruptcy proceeding in Texas.** |

**7. Liens to be avoided under §§ 506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

Date:   September 09, 2014        Signature   /s/ Richard L. Banks, #000617

Richard L. Banks, #000617, Attorney for Debtor
Richard Banks & Associates, P.C.
P.O. Box 1515
Cleveland, TN 37364-1515
(423)479-4188

Date:   September 09, 2014        Signature   /s/ Joseph C. Cawood

Joseph C. Cawood, Debtor