IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| In Re:<br><br>Joe C. Cawood<br><br>  Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Chapter 13
Case No. 1:14-bk-13504-SDR

| | |
|---|---|
| **Joe C. Cawood**<br><br>  **Plaintiff,**<br>**v.**<br><br>**Seterus, Inc.,**<br>**SunTrust Mortgage Inc.,**<br>**RCO Legal, P.C. fka RCO Legal P.S.,**<br>**Priority Trustee Services of TN, LLC, and**<br>**Federal National Mortgage Association**<br><br>  **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Adversary Proceeding No.**

## COMPLAINT

Comes now Joe C. Cawood ("*Plaintiff*", "*Debtor*" or "*Mr. Cawood*"), by and through counsel, and hereby files this Complaint against Seterus, Inc. ("*Defendant Seterus*" or "*Seterus*"), SunTrust Mortgage, Inc. ("*Defendant SunTrust*" or "*SunTrust*"), RCO Legal, P.C fka RCO Legal P.S. ("*Defendant RCO*" or "*RCO*"), Priority Trustee Services of TN, LLC ("*Defendant Priority Trustee*" or "*Priority Trustee*"), and the Federal National Mortgage Association ("*Defendant "Fannie Mae*" or "*Fannie Mae*"), (collectively, the "*Defendant*") seeking the Court to determine the amount of the claim and the extent and validity of lien on real property, to recover money, pursuant to statutory and/or equitable damages, attorney fees and costs, for declaratory relief, common law claims of negligent and intentional misrepresentation on wrongful foreclosure,

violation of various provisions of 11 U.S.C. § 101 et. seq. and various provisions of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et. seq. and presents unto the Court as follows:

## I.    PARTIES

1.    Plaintiff, Joe C. Cawood, is a resident and citizen of Bradley County, residing at

435 Mohawk Drive NW, Cleveland, Tennessee 37312.  Plaintiff has previously been a debtor in

a Chapter 13 proceeding in U. S. Bankruptcy Court for the Southern District of Texas (Case No.

08-80227) and is presently a Chapter 13 debtor in this Court (Case No. 14-13504).

2.    Defendant Seterus, Inc. is a Delaware corporation engaged in the business of

residential mortgage lending and loan servicing with its principal place of business located at

14523 SW Millikan Way, Suite 200, Beaverton, OR, 97005, with additional addresses in Grand

Rapids, MI, and Los Angeles, CA.

3.    Defendant SunTrust Mortgage, Inc., is a mortgage origination and servicing

company and wholly-owned subsidiary of SunTrust Bank. Defendant SunTrust Mortgage, Inc. is

a Virginia corporation with its principal place of business located at 901 Semmes Avenue,

Richmond, VA 23224.

4.    Defendant Federal National Mortgage Association, a corporation organized under

the laws of the United States with a principal place of business in Washington, D. C., is the

present putative owner of property located at 435 Mohawk Dr. NW, Cleveland, Tennessee

37312.

5.    Defendant RCO Legal, P.C. fka RCO Legal P.S. is a full-service mortgage

banking law firm with a principal place of business located 13555 SE 36th Street, Bellevue, WA

98006, with additional addresses in other states, to include 1587 Northeast Expressway, Atlanta,

GA.

6.      Defendant Priority Trustee Services of TN, LLC serves as a trustee or substitute trustee under Tennessee deeds of trust and institutes foreclosure actions following an alleged default under the deeds of trust.  Defendant Priority Trustee has a principal place of business located at 1587 Northeast Expressway, Atlanta, GA 30329.

## II.    JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; 1334 2201; FRCP 57, and Fed. R. Bankr. P. 7001(1), (2), (7) and (9). Pursuant to B.R. 3007(b), an Objection to Claim may be included in an Adversary Proceeding.   Venue is appropriate in this district pursuant to 28 U.S.C. §1408 and 1409. This Adversary Proceeding arises under title 11 of the United States Code, arises in and is related to a pending Chapter 13 in this Court, and concerns property of the estate. This matter is primarily a core proceeding and there this Bankruptcy Court has jurisdiction to enter a final order.  However, in the event any portion of this case is determined to be a non-core proceeding then the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8.      This Court has supplemental jurisdiction to determine all state law claims pursuant to § 1367 of Title 28 of the United States Code.

9.      This Court also has jurisdiction to determine the Fair Debt Collection Practices Act violations pursuant to § 1692 of Title 15 of the United States Code, thus, federal subject matter jurisdiction is properly founded upon § 1331 of Title 28 of the United States Code.

## III.    SUMMARY OF FACTUAL HISTORY

10.      In 2004, Mr. Joseph Cawood bought a home in Cleveland, TN, with a mortgage secured through SunTrust Mortgage, Inc. After moving to Texas, he began falling behind on payments in 2008 and voluntarily entered into a Chapter 13 bankruptcy plan in Texas, which he

successfully completed on May 31, 2013. The Texas Chapter 13 Trustee declared the Plan complete and directed Mr. Cawood to begin making payments to SunTrust Mortgage, Inc. which he dutifully did.

8.     In October 2013, SunTrust Mortgage, Inc. transferred Mr. Cawood's mortgage to mortgage servicer Seterus, Inc., who then—as a result of improper recordkeeping on the part of both Seterus and SunTrust—sent Plaintiff a letter alleging that Plaintiff owed over $3,000 in arrears not paid in his prior Chapter 13 case. Seterus also began refusing acceptance of Plaintiff's monthly payments. Mr. Cawood retained counsel as a result, and a copy of the Texas court's Order discharging his case along with a copy of the Chapter 13 Trustee's Notice deeming the mortgage current and directing the Plaintiff to resume direct payments was sent to Seterus. Despite the timeliness of all of Mr. Cawood's post-petition and post-bankruptcy payments, Seterus nonetheless continually refused to accept Mr. Cawood's monthly payments, even after numerous letters from counsel explaining that Mr. Cawood had completed a Chapter 13 plan. Seterus replied to each correspondence with letters stating that the issue was "under investigation."

9.     In April of 2014, instead of correcting the problems caused by its own wrongful actions, the Defendant Seterus through Defendant RCO wrongfully commenced a foreclosure proceeding on Mr. Cawood's property located at 435 Mohawk Dr. NW, Cleveland, Tennessee 37312.

10.     Mr. Cawood, through counsel, implored Seterus to check its records, and informed RCO and Seterus that any foreclosure action commenced by their attorneys was in direct violation of the Order previously entered by the Bankruptcy Court in Texas. Notice of the foreclosure was published three times, and in August, 2014, Mr. Cawood was forced to file for

Chapter 13 bankruptcy protection, in the Eastern District of Tennessee, to halt the unlawful

foreclosure. Seterus at first filed an Objection to Confirmation of the Chapter 13 Plan claiming

arrearages from the prior Chapter 13 but subsequently withdrew that Objection after finally

correcting its records.  As of November, 2014, Mr. Cawood had lost twenty pounds as a direct

result from the emotional stress caused by the Defendants.

### III.    SPECIFICS OF FACTUAL HISTORY

11.    On August 3, 2004, Mr. Cawood secured a home loan with SunTrust Mortgage,

Inc. in the amount of $86,000.00. The Deed of Trust was recorded with the Bradley County,

Tennessee, Register of Deeds in Book 1104, Page 149.

12.    The Plaintiff fell behind on payments and on May 12, 2008, commenced a

voluntary case under Chapter 13 Bankruptcy Code by filing a petition, which was assigned case

number 08-80227 in U. S. Bankruptcy Court for the Southern District of Texas. TX Case, Doc 1.

13.    The Plaintiff successfully completed his Chapter 13 Plan and the U. S.

Bankruptcy Court for the Southern District of Texas entered a Notice of Plan Completion on

May 31, 2013. TX Case, Doc 60.

14.    On June 4, 2013, the Trustee entered a Notice of Final Cure Payment and Motion

to Deem the Mortgage Current and Direct Debtor to Begin Making Direct Payments to SunTrust

Bank. TX Case, Doc 64.

15.    On June 11, 2013, Plaintiff sent Defendant SunTrust a payment of $668.78 by

way of postal money order #20996160074.

16.    On July 6, 2013, Plaintiff sent Defendant SunTrust a payment of $668.78 by way

of postal money order #20996168422.

17.     On July 8, 2013, the U. S. Bankruptcy Court for the Southern District of Texas entered an Order of Discharge in the Plaintiff's Chapter 13. TX Case, Doc 70.

18.     On August 2, 2013, Plaintiff sent Defendant SunTrust a payment of $680.45 by way of postal money order #20996167972.

19.     On September 6, 2013, Plaintiff sent Defendant SunTrust a payment of $680.45 by way of postal money order #20996184025.

20.     In October, 2013, Defendant Seterus, Inc. sent Plaintiff a letter, dated October 14, 2013, notifying Plaintiff that Seterus is now the servicer of Plaintiff's loan on behalf of Fannie Mae.  A principle balance of $74,479.14 was reported, along with unpaid interest of $2,591.62 and escrow overdraft of $754.33. Seterus also remitted back to the Plaintiff his September payment of $680.45.

21.     On October 3, 2013, Plaintiff sent Defendant Seterus a payment of $680.45 by way of postal money order #20423478238.

22.     On October 30, 2013, Plaintiff sent Defendant Seterus a payment of $680.45 by way of postal money order #20996194037.

23.     On November 4, 2013, the Corporate Assignment of the Deed of Trust was filed in the state of Florida, and recorded in the Bradley County, Tennessee, Register of Deeds Office, on November 12, 2013, Book 2210, page 151, transferring the servicing of the Plaintiff's mortgage loan to Defendant Seterus, Inc., successor by merger to SunTrust Mortgage, Inc., which continues to this date.

24.     Plaintiff retained counsel as a result of Defendant Seterus' actions, and in a letter dated November 6, 2013, Plaintiff's attorney sent by money order Plaintiff's October 2013 payment of $680.45, as well as re-sent by money order Plaintiff's September 2013 payment of

$680.45, which had previously been sent to Defendant Seterus but was returned. Along with these payments was sent a copy of the Texas court's Order deeming the mortgage current and directing the Plaintiff to begin making payments directly to SunTrust Bank.

25.     On November 12, 2013, Plaintiff sent Defendant Seterus a payment of $680.45 by way of postal money order #21321773188.

26.     In a letter dated November 14, 2013, Defendant Seterus congratulated Plaintiff on having been chosen to participate in a trial period plan for the Fannie Mae Modification program and requesting additional documents.

27.     On November 25, 2013, the Plaintiff received an "account summary" letter from Defendant Seterus dated November 18, 2013, indicating a current principal balance of $74,047.35 and an interest rate of 6%.

28.     On December 9, 2013, the Plaintiff received a letter from Defendant Seterus dated December 3, 2013, stating that Plaintiff's loan was in default, and that $4,149.23 was due by January 7, 2014.

29.     The Plaintiff received a letter from Defendant Seterus dated December 5, 2013, with an enclosed escrow account statement indicating a shortage of $554.89. The letter stated that the shortage could be spread out over 60 installments, to be included in his total payment, if Plaintiff sent payment within 30 days. Plaintiff's total payment would then be $675.28.

30.     On December 9, 2013, Plaintiff sent Defendant Seterus a payment of $680.45 by way of postal money order #21499983887.

31.     On December 13, 2013, Mr. Cawood received an Escrow Account Statement from Defendant Seterus, indicating a principal, interest, and escrow payment of $684.53.

32.     On December 19, 2013, the Plaintiff received a letter from Defendant Seterus dated December 13, 2013, stating that the Defendant was "in receipt of [the Plaintiff's] payment in the amount of $680.45," but that his loan remained in default.

33.     The Plaintiff received a letter from Defendant Seterus dated December 17, 2013, requesting documentation needed in order to review the foreclosure proceedings.

34.     The Plaintiff received an identical letter from Defendant Seterus dated December 19, 2013, again requesting documentation needed in order to review the foreclosure proceedings.

35.     On January 2, 2014, the Plaintiff received an "account summary" letter from Defendant Seterus dated December 27, 2013, indicating a current principal balance of $73,901.98 and an interest rate of 6%.

36.     On January 8, 2014, Plaintiff sent Defendant Seterus a payment of $680.45 by way of postal money order #21499993372.

37.     The Plaintiff received a letter from Defendant Seterus dated January 13, 2014, stating that the Defendant was "in receipt of [the Plaintiff's] payment in the amount of $680.45," but that his loan remained in default.

38.     The Plaintiff received a letter from Defendant Seterus dated January 30, 2014, informing the Plaintiff that while his loan is subject to bankruptcy action the Defendant will not send any Account Statements or Periodic Loan Notices.

39.     On February 10, 2014, Plaintiff sent Defendant Seterus a payment of $675.28 by way of postal money order #20996182225.

40.     On March 1, 2014, the Plaintiff received a letter from Defendant Seterus dated February 23, 2014, stating that Plaintiff's loan was in default, and that $4,030.03 was due by an expiration date of March 30, 2014.

41.    On March 12, 2014, Plaintiff sent Defendant Seterus a payment of $675.45 by way of postal money order #21499991638.

42.    The Plaintiff received a letter from Defendant Seterus dated March 17, 2014, stating that the Defendant was "in receipt of [the Plaintiff's] payment in the amount of $675.45," but that his loan remained in default.

43.    On April 15, 2014, Plaintiff sent Defendant Seterus a payment of $675.45 by way of postal money order #21652927018.

44.    The Plaintiff received a letter from Defendant Seterus dated April 18, 2014, stating that the Defendant was "in receipt of [the Plaintiff's] payment in the amount of $675.45," but that his loan remained in default.

45.    On May 7, 2014, Plaintiff sent Defendant Seterus a payment of $675.28 by way of postal money order #21652935311.

46.    On May 14, 2014, Plaintiff and his attorney sent, by certified mail, a money order payable to Seterus for $675.28, the amount needed to cover May's principal, interest, and escrow amount for taxes and insurance.

47.    The Plaintiff received a letter from Defendant RCO Legal, P.S. representing Defendant Seterus, dated April 29, 2014, informing Plaintiff that his mortgage loan had been referred to RCO for foreclosure.  The letter further stated, "*Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you.*"  The letter went on to say, "***We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.***"  [Emphasis added].

48.    The letter dated April 29, 2014, from Defendant RCO also stated, "*At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.*"

49.    By way of his attorney, Plaintiff responded on May 20, 2014, advising RCO that based upon Plaintiff's prior Chapter 13, the mortgage amount of $73,313.19 was disputed and that foreclosure action would be a violation of the Orders entered in the concluded and closed Chapter 13 in Texas (Case No. 08-80227).

50.    On May 29, 2014, Plaintiff's attorney sent Defendant Seterus notice that Plaintiff grants permission to Defendant to discuss all matters with Plaintiff's attorney.

51.    On June 4, 2014, Plaintiff, by way of his counsel, re-sent Defendant Seterus a money order for $675.28 (#21652935311) that had previously been returned to Plaintiff from Seterus. Also enclosed was a copy of the letter, dated May 19, 2014, from Seterus that accompanied the returned money order, and a statement advising Seterus that the foreclosure commenced by their attorneys was in violation of the order previously entered by the Bankruptcy Court.

52.    On June 11, 2014, Plaintiff sent Defendant Seterus a payment of $675.28 by way of postal money order #21652936986.

53.    Defendant Seterus sent to Plaintiff's counsel a letter dated June 15, 2014, acknowledging that Defendant Seterus was in receipt of counsel's correspondence and claiming that the issue was under investigation. A written explanation was promised "upon completion of [Defendant's] research."

54.    In a letter dated June 17, 2014, Defendant Seterus again returned to Plaintiff's counsel postal money order #2165293511 for the amount of $675.28 stating a foreclosure proceeding was in progress.

55.    Plaintiff's counsel sent Defendant Seterus a letter dated June 25, 2014, stating that the foreclosure action is in direct violation of the Bankruptcy Order, that Mr. Cawood has made all post-petition and post-bankruptcy payments in a timely manner, and that the foreclosure action is clearly due to the Defendant's wholly inadequate record keeping procedures. Money order #21652935311 in the amount of $675.28 was for the second time returned to the Defendant.

56.    On June 30, 2014, Plaintiff, by way of his counsel, re-sent Defendant Seterus a money order for $675.28 (#21652936986) that had previously been returned to Plaintiff from Seterus. Also enclosed was a copy of the letter, dated June 22, 2014, from Seterus that accompanied the returned money order, and a statement advising Seterus that the foreclosure commenced by their attorneys is in violation of the order previously entered by the Bankruptcy Court.

57.    Defendant Seterus sent Plaintiff's counsel a letter dated July 1, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

58.    Defendant Seterus sent Plaintiff's counsel a letter dated July 7, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

59.    On July 8, 2014, Defendant Seterus returned Money Order #21652936986 dated June 11, 2014, in the amount of $675.28, and advised that a foreclosure proceeding was in progress.

60.    In a letter dated July 8, 2014, Plaintiff's counsel sent Experian credit reporting agency notice that Plaintiff disputes that he is delinquent on his mortgage payments. This correspondence provided Experian with documentation showing that any late payment notices and/or foreclosure actions are in direct violation of the bankruptcy order previously entered by the Bankruptcy Court in Texas.

61.    On July 15, 2014, by and through his counsel, Mr. Cawood responded to a letter dated July 11, 2014, from Priority Trustee Services of TN, LLC, which was retained by RCO to facilitate a foreclosure on Mr. Cawood's property at 435 Mohawk Drive, Cleveland, TN, scheduled for August 14, 2014. Plaintiff's counsel advised Defendant Priority Trustee that the matter is in dispute with RCO and Seterus, due to Mr. Cawood's successful completion of a Chapter 13 in Texas and the timeliness of all subsequent post-petition payments, and that for the foregoing reasons the foreclosure action should be terminated.

62.    Plaintiff's counsel sent Defendant Seterus a letter dated July 15, 2014, stating that the foreclosure action is in direct violation of the Bankruptcy Order, that Mr. Cawood has made all post-petition and post-bankruptcy payments in a timely manner, and that the foreclosure action is clearly due to the Defendant's wholly inadequate record keeping procedures. Money order #21652935311, dated May 7, 2014 and in the amount of $675.28 was for the fourth time returned to Defendant Seterus.

63.    Defendant Seterus sent Plaintiff's counsel a letter dated July 17, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

64.    Plaintiff's counsel sent Defendant Seterus a letter dated July 17, 2014, stating that the foreclosure action is in direct violation of the Bankruptcy Order, that Mr. Cawood has made all post-petition and post-bankruptcy payments in a timely manner, and that the foreclosure action is clearly due to the Defendant's wholly inadequate record keeping procedures. Money order #21652935311, dated May 7, 2014 and in the amount of $675.28 was for the fifth time returned to Defendant Seterus.

65.    In a letter dated July 21, 2014, Defendant Seterus returned to Plaintiff's counsel money order #21652941993 in the amount of $675.28, stating that a foreclosure proceeding is in progress.

66.    A notice of foreclosure action was published in the Cleveland Daily Banner newspaper on July 21, 2014, setting a foreclosure date of August 14, 2014.

67.    In a letter dated July 22, 2014, Defendant Seterus sent Plaintiff's counsel a letter indicating that foreclosure proceedings were being commenced against Plaintiff. In this letter, Defendant acknowledged Plaintiff's July 2013 Chapter 13 discharge, but stated, *"[a]lthough all Bankruptcy payment plan payments may have been received on time and the loan may have been current according to the terms of the Bankruptcy payment plan, the funds received may not have been sufficient to bring the loan to a contractually current status.""* Money order #21652935311 dated May 7, 2014 and money order #21652936986 dated June 11, 2014, both in the amount of $675.28, were both returned.

68.    In a letter dated July 23, 2014, Defendant Seterus returned to Plaintiff's counsel money order #21652935311 dated May 7, 2014, in the amount of $675.28, stating that a foreclosure proceeding is in progress.

69.     On July 28, 2014, a notice of foreclosure action was again published in the Cleveland Daily Banner newspaper.

70.     In a letter dated July 29, 2014, Defendant Seterus returned to Plaintiff's counsel money order #21652936986 dated June 11, 2014, in the amount of $675.28, stating that a foreclosure proceeding is in progress.

71.     Plaintiff's counsel sent Defendant Seterus a letter dated July 29, 2014, stating that the foreclosure action is in direct violation of the Bankruptcy Order, that Mr. Cawood has made all post-petition and post-bankruptcy payments in a timely manner, and that the foreclosure action is clearly due to the Defendant's wholly inadequate record keeping procedures. Money order #21652935311 in the amount of $675.28 was again returned to the Defendant.

72.     Plaintiff's counsel sent Defendant Seterus a letter dated July 30, 2014, reiterating that the wrongful foreclosure proceeding was a direct violation of Orders of the Bankruptcy Court.  Plaintiff's counsel again re-sent money order #21652941993 dated July 12, 1014, in the amount of $675.28 to the Defendant Seterus.

73.     Defendant Seterus sent Plaintiff's counsel a letter dated July 30, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

74.     On August 4, 2014, a notice of foreclosure action was again published in the Cleveland Daily Banner newspaper.

75.     Defendant Seterus sent Plaintiff's counsel a letter dated August 6, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to

be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

76.    In another letter dated August 6, 2014, Defendant Seterus returned to Plaintiff's counsel money order #21652935311 dated May 07, 2014, in the amount of $675.28, stating that a foreclosure proceeding is in progress.

77.    Plaintiff's counsel sent Defendant Seterus a letter, dated August 7, 2014, reiterating the objection to the foreclosure proceedings and again returning money order #21652936986, dated June 11, 2014, in the amount of $675.28. Counsel implored Seterus to check its records, so as not to force Mr. Cawood into another Chapter 13 and litigation against SunTrust and Seterus.

78.    After a year and numerous attempts to have Defendant Seterus correct its records, on August 12, 2014, as a result of the foreclosure action commenced by Seterus, Mr. Cawood filed for Chapter 13 bankruptcy protection in the Eastern District of Tennessee, Case No. 14-13504. (TN Case Doc. 1).

79.    In a letter dated August 13, 2014, Defendant Seterus returned to Plaintiff's counsel money order #21652936986 dated June 11, 2014, in the amount of $675.28 and money order #21652941993 dated July 12, 2014, in the amount of $675.28, stating that a foreclosure proceeding is in progress.

80.    Defendant Seterus sent Plaintiff's counsel a letter dated August 14, 2014, indicating that Defendant was in receipt of counsel's correspondence and claiming Defendant to be "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

81.     On August 19, 2014, Defendant Seterus once again sent Plaintiff's counsel a letter indicating Defendant is "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research." An Escrow Account Statement was also enclosed.

82.     On September 9, 2014, Plaintiff's counsel received a letter from Defendant Seterus stating that the foreclosure sale scheduled for August 14, 2014, was postponed due to the plaintiff's August 12, 2014, bankruptcy filing. The letter stated that Defendant Seterus was "still in the process of adjusting the loan to reflect the correct contractual status pursuant to the bankruptcy court orders" and that a payment of $675.28 was received and applied to the loan on August 20, 2014.

83.     On September 29, 2014, Defendant Seterus once again sent Plaintiff's counsel a letter indicating Defendant is "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

84.     On October 1, 2014, Defendant Seterus once again sent Plaintiff's counsel a letter indicating Defendant is "in the process of reviewing the issue." A written explanation was promised "upon completion of [Defendant's] research."

85.     On October 1, 2014, Defendant Seterus filed an Objection to the Chapter 13 plan confirmation alleging $7,000 in prepetition arrears. (TN Case, Doc No. 36).

86.     On October 15, 2014, Plaintiff's counsel received a telephone call from Yolanda Lee ("Ms. Lee"), Bankruptcy Specialist with RCO Legal for Defendant Seterus, requesting they agree to a consent order to settle their objection to Mr. Cawood's proposed Chapter 13 plan. Plaintiff's counsel advised Ms. Lee that Seterus had not filed a claim and to call him back after a claim is filed.

87.    Ms. Lee called Plaintiff's counsel again on October 13, 2014, and advised that Seterus would withdraw its objection to confirmation.

88.    Plaintiff's counsel received an email from Ms. Lee stating that they had "reviewed the loan" and "decided to withdraw the Objection to Confirmation."    Plaintiff's counsel responded and further advised Defendant Seterus to file their proof of claim.

89.    On October 16, 2014, the Debtor's confirmation hearing was held in Chattanooga, Tennessee, at which time Defendant Seterus' attorney announced the withdrawal of their Objection. (TN Case Doc No. 39).

90.    On October 20, 2014, an Order was entered confirming the Debtor's plan. (TN Case Doc. 40).

91.    The Order Confirming the Plan (TN Case Doc. 40) reflects under item 6 (Special Provisions) the following:

*Federal National Mortgage Association (home and lot)*          *Mortgage on Residence. Amount of claim and payments to be determined in adversary proceeding to be filed in this Court  or prior bankruptcy proceeding in Texas.*

92.    Plaintiff listed in Schedule B – Personal Property – "*Lawsuit vs Mortgage company and servicer and attorney*"  in the amount of $500,000.00 which is an asset and property of the estate. TN Case No. 1:14-bk-13504-SDR Petition Doc 18.

93.    On November 5, 2014, Plaintiff met with his counsel, whereupon he disclosed that he has suffered significantly from mental and physical distress and has lost twenty pounds as a result of constant worry about losing his home.

94.    Plaintiff's counsel received a letter dated November 6, 2014, from Defendant Seterus.

95.    On November 26, 2014, Defendant Seterus filed proof of claim no. 2 in the amount of $72,455.06, to include arrearage of $666.30, with last payment received on April 18, 2014.    Claim No. 2 further stated, a late charge for 9/16/13 of $25.78 and "[m]onthly post-petition mortgage payment @ $684.53 beginning September 1, 2014, to be paid through the plan."

96.    The Defendant does not have the proper business procedures in place to ensure that the payments were properly credited.

97.    The actions of Defendant in failing to comply with the Order Confirming Debtor's' Chapter 13 Plan entered in his Texas case no. 08-80227 are in grievous and flagrant disregard of the provisions of 11 U.S.C. § 1327(a).

98.    The Plaintiff has not been able to begin his "fresh start" upon completion of his Plan on May 31, 2013, due to the actions of the Defendants in failing to comply with the Order Confirming the Debtor's Chapter 13 Plan and properly crediting the Trustee's and Mr. Cawood's payments.

99.    As a result of the Defendants' actions, the Plaintiff has incurred and will continue to incur additional attorneys' fees to resolve this matter.

100.    The Defendants' egregious actions have disrupted the livelihood of the Plaintiff. Because the Plaintiff has spent over 15 months of dealing with this matter, the Plaintiff's health has suffered.

## IV  CLAIMS

### First Claim for Relief
### Objection to Claim No. 2 and Determining validity and/or the amount of the lien

101.    The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

102.   The Plaintiff hereby files his Objection to the late charges, post-petition attorney fees, and the claim amount reflected in Claim No. 2 filed by Seterus, Inc., as the authorized sub servicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. in the amount of $72, 455.06.

103.   The Plaintiff requests the Court, pursuant to Fed. R. Bankr. P. Rule 7001(2), to determine the validity and amount of the lien, since the Defendants have not properly applied payments to Plaintiff's loan nor have they provided an accurate accounting of said loan.

### Second Claim for Relief:
### Breach of Contract

104.   The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

105.   Plaintiff and alleges the Defendants breached the contract created between the parties by the loan documents, Deed of Trust, and subsequent assignments by commencing a foreclosure proceeding.

### Third Claim for Relief:
### Intentional and/or Negligent Misrepresentation

106.   The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

107.   The Plaintiff alleges the Defendant and its agents/employees' intentionally or negligently misrepresentations were false when it advised Mr. Cawood his loan was in default.

108.   The Plaintiff alleges the Defendant and its agents/employees' intentional or negligent misrepresentations were false when it published the foreclosure sale in the local newspaper, the Cleveland Daily Banner on separate occasions.

109.    The Defendant wrongfully filed its Objection to Confirmation of Mr. Cawood's Chapter 13 plan, alleging Mr. Cawood was in default in the amount of $7,000.00.

110.    The Defendant intentionally or negligently ignored the requests of Plaintiff's counsel to do an accurate accounting of the loan before proceeding with any foreclosure action.

111.    As a result of the Defendants' violations as alleged herein, the Defendants are liable to the Plaintiff for all natural, proximate and consequential damages due to their negligence.

### Fourth Claim for Relief
### Negligence

112.    The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

113.    The Defendants negligently failed to properly correct its accounting records to reflect that the Plaintiff was current on his mortgage upon the completion of his prior Chapter 13 Case 08-80227 filed in U. S. Bankruptcy Court for the Southern District of Texas.

114.    As a direct result of the Defendants' negligence, the Plaintiff was injured and harmed.

115.    As a result thereof, the Defendants are liable for all natural, proximate, and consequential damages due to their negligence including the damage to the Plaintiff's physical, emotional, and financial well being.

### Fifth Claim for Relief
### Failure to Credit Payments Upon Receipt

116.    The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

117.    Pursuant to 15 U.S.C. § 1639f,

"Requirements for prompt crediting of home loan payments (a) In connection with a consumer credit transaction secured by a consumer's principal dwelling, ***no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt,*** except when a delay in crediting does not result in any charge to the consumer …" (Emphasis added).

118.    The Plaintiff is informed, believes, and therefore, alleges that SunTrust and Seterus failed to credit payments to Plaintiff's account as of the date of receipt for the purpose of assessing late charges to the account.

119.    The Plaintiff is informed, believes, and therefore, alleges that SunTrust and Seterus' failure to properly credit payments to Plaintiff's account upon receipt resulted in additional late charges to the Plaintiff.

120.    The Plaintiff is informed, believes, and therefore, alleges that Defendants placed Debtor's payments in a suspense account as unapplied payments in direct violation of 15 U.S.C. § 1639f.

121.    The Plaintiff is informed, believes, and therefore, alleges that Defendants placed Debtor's payments in a suspense account as unapplied payments numerous times.

122.    The Plaintiff is informed, believes, and alleges that each unapplied payment placed in suspense by Defendants constitutes a separate violation of 15 U.S.C. § 1693f.

123.    The Plaintiff is, therefore, entitled to damages pursuant to 15 U.S.C. § 1640 for each such violation.

**Sixth Claim for Relief**
**Violation of the Fair Debt Collections Practices Act**

124.    The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

125.    The Plaintiff is a "consumer" as that term is defined by FDCPA, 15 U.S.C. §

1692a(3).  Defendants SunTrust, Seterus, RCO Legal, P.C., and Priority Trustee Services of TN,

LLC, are engaged in the business of collections of debts from consumers using the bankruptcy

courts and appear in numerous bankruptcy cases in the U.S. PACER system.  SunTrust, Seterus,

RCO Legal, P.C., and Priority Trustee Services of TN, LLC, are "debt collectors" as defined by

the FDCPA, 15 U.S.C. 1692(a)(6).

126.    The Plaintiff alleges that the Defendants violated the FDCPA.  Defendants'

violations include, but are not limited to, engaging in any conduct the natural consequences of

which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Defendants have demanded an amount due from Plaintiff which is inaccurate and inflated, and in

violation of any contract between the parties.  As such, Defendants have violations §§ 1692d,

1692e(2), 1692f, 1692f(1), 1692f(6) of the FDCPA.

127.    The foregoing acts and omissions by Defendants constitute violations of the

FDCPA which include, but are not limited to, the following:

a)    The said Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely

representing to the Plaintiff the legal status of the alleged debt;

b)    The said Defendants violated 15 U.S.C. § 1692f(1) by collecting or

attempting to collect amounts not permitted by law and by otherwise using unfair

and unconscionable methods.

c)    The said Defendants violated 15 U.S.C. § 1692 by sending the default

notices to Plaintiff; and

d)      The said Defendants violated 15 U.S.C. § 1692f(6) by attempting to take possession of Plaintiff's property unlawfully in instituting the wrongful foreclosure.

128.    The Defendants violated the FDCPA by engaging in any conduct the natural consequences of which are to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C.§ 1692d.

129.    As a result of the above violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff for actual damages, statutory damages of $1,000.00 upon a proper evidentiary showing punitive damages and attorney's fees.

## Requested Relief

**WHEREFORE**, the Plaintiff Mr. Cawood having set forth his claims for relief against the Defendants respectfully requests that this Honorable Court:

1.    Assume jurisdiction of this case;

2.    Enter an Order requiring the Defendant to amend its claim no. 2 to reflect an accurate accounting of the principal balance and reflecting no arrearages, or any additional fees due;

3.    That the Plaintiff has and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

4.    That the Plaintiff has and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

5.    That the Plaintiff has and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

6.       That the Plaintiff has and recover against the Defendants all reasonable legal fees and expenses incurred by his attorneys;

7.       That this Court order Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. § 1692k;

8.       That Defendants SunTrust and Seterus produce accurate, complete, unabridged post-petition accounts of Plaintiff's mortgage loan account;

9.       That the Court determine the actual amount of the Defendant's claim and the extent of any lien on the Plaintiff's property; and

10.      That the Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RICHARD BANKS & ASSOCIATES, P. C.

Richard L. Banks, BPR 000617
R. Bradley Banks, BPR No. 031013
393 Broad Street NW
P.O. Box 1515
Cleveland, TN  37364
T. (423) 479-4188
F. (423) 478-1175
Email: rbanks@rbankslawfirm.com
*Attorneys for the Plaintiff*